# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50326
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROSALINO-SALGADO-SILVER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1037-1

Before DeMOSS, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Rosalino Salgado-Silver (Salgado) appeals the 85-month sentence imposed after he pleaded guilty to illegally reentering the United States after deportation. The sentence was within the properly calculated guideline range; it is presumed reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50326

Salgado says that his sentence is too severe because illegal reentry is not violent and because his convictions were unreasonably double counted by being used to increase both his offense level and his criminal history score. As he concedes, his double-counting argument is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-30 & n.12 (5th Cir. 2009). And his mere disagreement with the sentence does not rebut the presumption of reasonableness. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). Salgado merely asks this court to substitute his assessment of the sentencing factors for the district court's assessment, which is contrary to the deferential review dictated by *Gall v. United States*, 552 U.S. 38, 51 (2007). Salgado fails to show that his sentence was unreasonable or an abuse of discretion. *See Gall*, 552 U.S. at 46, 51; *Rita v. United States*, 551 U.S. 338, 351 (2007). The judgment is AFFIRMED.